WATERS B. MILLER v. CHARLES B. DUNGAN.

A judgment of this court, such as it has the competency to pronounce, cannot, in an action thereon, be impeached in the courts, by citizen or foreigner, by averment and proof that the court had not jurisdiction of the person of the defendant.

On motion to strike out pleas.

This was an action of debt on a judgment rendered in this court, for a certain sum of debt and damages for the detention, with costs of suit.

Defendant pleaded—

1. That he is a non-resident.

2. That judgment was rendered against him without the court having had jurisdiction of his person.

A motion to strike out the pleas was heard before Justices BEDLE, DALRIMPLE, and SCUDDER.

For plaintiff, *F. F. Westcott.*

For defendant, *F. Kingman.*

The opinion of the court was delivered by

DALRIMPLE, J.   This action is upon a judgment of this
court.   It is averred in the declaration that the plaintiff, by
the consideration and judgment of the court, recovered against
the defendant as well a certain debt as certain damages, which
by the said court were adjudged to the plaintiff for his dam-
ages, which he had sustained as well by reason of the deten-
tion of said debts as for his costs and charges by him about
his suit in that behalf expended.   The defendant in brief,
pleads that he is a non-resident, and that judgment was ren-
dered against him without the court having acquired, by
service of process, appearance, or otherwise, jurisdiction of his
person.   The question presented is, whether the judgment,
the defendant being a non-resident, is subject, in this state, to
the same defence as the judgment of a foreign state, and in
an action thereon its effect destroyed by averment and proof
of want of jurisdiction in the court by which it was pro-
nounced.   In my opinion, we must treat this judgment in all
respects as a domestic judgment.   Its averments and recitals
cannot be contradicted in an action thereon, nor in any col-
lateral proceeding; on the contrary, every intendment will
be made in its favor.   The presumption, in this case, is con-
clusive that before the court pronounced judgment against the
defendant, it required, in some legal mode, jurisdiction of his
person.   I understand the declaration to be founded upon a
judgment *in personam*, and not *in rem*.   I do not see that it
makes any difference that the defendant is a non-resident.
The same rule applies to non-residents and our own citizens.
There is no maxim of natural justice or principal of comity
which requires us to allow a non-resident to aver a fact con-
trary to the record, while we deny the same privilege to our
own citizens.   In the case of *Mackay et al.* ads. *Gordon et
al.*, 5 *Vroom* 291, the Chief Justice, delivering the opinion
of the court, says: "Every independent government is at
liberty to prescribe its own methods of judicial process, and to
declare in what forms parties shall be brought before its tri-
bunals.   But, in the exercise of this power, no government,

Miller v. Dungan.

if it desire extra territorial recognition of its acts, can violate those rights which are universally esteemed fundamental and essential to society. Thus, a judgment by the court of a state against a citizen of such state in his absence, and without any notice, express or implied, would, it is presumed, be regarded in any external jurisdiction, as absolutely void and unenforceable. Such would certainly be the case, if such judgment was so rendered against the citizen of a foreign state."

The extract above quoted, it will be seen, refers entirely to the effects of judgments in the courts of a foreign state. We have not been referred to any precedent or authority for a plea of want of jurisdiction, pleaded in an action on a domestic judgment rendered by a superior court of general common law jurisdiction. The general rule on this subject is very clearly stated by Judge Redfield, in the case of *Dimick* v. *Brook*, 21 *Vt.* 578, as follows: "It is of the very essence of debt upon judgment or upon any matter of record, that the obligation should result from the record itself. The record imports absolute and *complete* verity. It is neither to be increased nor diminished by averment *out of*, or *beyond*, the record. It is to the record as the law and the testimony, upon which the pleader refers his claim. The record is generally vouched in the conclusion of the declaration as the basis of the claim. The defendant may crave *oyer* of the record, and have it set forth in terms, as part of the pleading, and if it do not sustain, and *fully* sustain, the declaration, may demur."

I do not mean to intimate that if the averments contained in this plea are true, the defendant is without remedy. It is only now necessary to decide that a judgment of this court, such as it has the competency to pronounce, cannot, in an action thereon, be impeached in our courts, by citizen or foreigner, by averment and proof that the court had not jurisdiction of the person of the defendant.

The plea cannot be sustained, and must be stricken out, with costs.